UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re: Chapter 12 Case

Tyson Joseph Anderson and
Jennifer Mae Anderson, Case No. 26-30904

Debtors.

---

**NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 12 PLAN**

---

PLEASE TAKE NOTICE THAT pursuant to Bankruptcy Rule 2002(a)(8), the Hearing on Confirmation of plan will be heard on **September 24, 2026 at 10:00 a.m.** before the Honorable Katherine A. Constantine at the U.S. Courthouse, Courtroom 8 West, 300 South Fourth Street, S., Minneapolis, Minnesota 55415.

1. Debtor has filed a Modified Chapter 12 Plan dated August 21, 2026 as docket #36. A copy of the Modified Chapter 12 Plan is enclosed with this Notice. The court may confirm a plan after notice and hearing under 11 U.S.C. §§1224 and 1225. Confirmation of a plan binds the debtor, creditors and other parties in interest under 11 U.S.C. § 1227.
2. **Objections To Confirmation.** An objection to confirmation of the plan shall be made by motion under Local Rule 3015-2(e). Seven days prior to the confirmation hearing is the last day to timely serve and file an objection. Ten days prior to the confirmation hearing is the last day to timely mail an objection. The objection must be filed no later than one day after service.

Dated: August 21, 2026.

STERMER & SELLNER, CHTD.

By: */e/ Krystal M. Lynne*

Krystal M. Lynne Attorney ID #0392816
102 Parkway Drive, P.O. Box 514
Montevideo, MN 56265
Telephone: (320) 269-6491
E-mail: klynne@stermerlaw.com
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Chapter 12 Case |
| Tyson Joseph Anderson and<br>Jennifer Mae Anderson,<br>Debtors. | Case No. 26-30904 |

**MODIFIED CHAPTER 12 PLAN OF REORGANIZATION**
**DATED AUGUST 21, 2026**

The term "debtor" shall be used throughout the plan regardless of whether the case is filed by an individual, an individual and spouse, a corporation, or a partnership, as those terms are defined in the Bankruptcy Code.

## ARTICLE I
SUMMARY OF THE PLAN

This plan shall continue for a period of 60 months from its effective date. The date of the entry of the order first confirming a plan is the effective date. The property of the Debtor is being valued, and the claim of each secured creditor is being treated as secured in the amount of the value of the property securing such claim. Costs of administration are being paid on the effective date of the plan unless otherwise agreed to or directed by the Court. Priority claims are being paid in full as allowed. The Debtor will pay the Trustee no less than all disposable income, as that term is defined in 11 U.S.C. § 1225, for Trustee administration and distribution to unsecured creditors. The deficiency claims of all secured creditors will be treated as unsecured claims unless otherwise ordered by the Court.

## ARTICLE II
DEFINITIONS

1. "Creditors" means all entities having a claim against the debtor.
2. "Secured Creditor" means a creditor with a lien or security interest in property of the debtor.
3. "Claim" means a timely filed claim which has been allowed by the Court or a secured claim which is dealt with in the plan whether or not a claim is filed.
4. "Effective Date" means the date on which the Order of Confirmation becomes final.
5. "Trustee" means the Chapter 12 Trustee.
6. "Disposable Income" means all income received by the debtor annually after deducting operating expenses, living expenses (salaries approved) and plan payments.

## ARTICLE III

CLASSIFICATION OF CLAIMS

CLASS 1 Costs of Administration and Professional Fees

A. Attorney's Fees

B. Trustee's Fees

CLASS 2 Secured Claims

A. Glenwood State Bank

1. Homestead
2. Lake Cabin

B. Federal Agricultural Mortgage Corporation

C. Farmers & Merchants Bank

D. US Small Business Association

E. CNH Industrial Capital America LLC

1. JD Payloader 521
2. 2022 Case IH 8250 Combine
3. 2023 Case IH Tiger 255
4. 2012 Case IH STX600 Tractor

F. Bank Midwest

G. USDA Farm Service Agency (FSA)

CLASS 3 Priority Unsecured Claims

CLASS 4 General Unsecured Claims

CLASS 5 Executory Contracts and Leases

## ARTICLE IV

TREATMENT OF CLAIMS AND INTEREST

CLASS 1 - Costs of Administration

Class 1 includes compensation and expenses of professionals and court costs and all expenses incurred by the Debtor after the filing of their petition and before the entry of the order of confirmation and expenses of professionals and court costs, shall be paid in full on the effective date of the plan. Claims for compensation and expenses of professionals and court costs shall be paid upon approval by the Court and as directed by the Court.

A. Attorney's Fees – Attorney's Fees will be paid after court approval to Debtor's attorneys, Stermer

& Sellner, Chtd., 102 Parkway Drive, P.O. Box 514, Montevideo, MN 56265. Debtor's attorney will apply to the Court for compensation in this case for attorney's fees, administrative work and reimbursement of costs and expenses incurred during the representation of the debtors pre- and post-petition.

B. Trustee's Fees - The Chapter 12 Trustee shall make application to the Court for approval of Trustee's fees and for any reasonable and necessary expenses of the Trustee in effectuating the Trustee's duties under the Bankruptcy Code in administering this case. The debtor shall pay an amount equal to five percent (5%) of all payments disbursed by the Chapter 12 Trustee as an estimated payment and the Trustee shall hold the fee until the Trustee's fees and expenses are applied for and approved by the Court. Once the Trustee's fees are approved, the Trustee shall pay them. If there are excess funds in the account at the end of the case, the money shall be paid to the unsecured creditors and any excess after paying the unsecured creditors shall be paid to the debtor, unless otherwise ordered by the Court. **All payments shall be made through the Chapter 12 Trustee unless otherwise stated herein**. **Creditors shall only accept direct payments from the debtor if specified in the Plan.**

CLASS 2 – Secured Claims

The term "secured claim" shall mean an allowed claim in the amount set forth in this Part or order of the Court, pursuant to 11 U.S.C § 506(a) & Fed. R. Bankr. P. 3012(b). All creditors with secured claims shall retain their liens on the collateral securing their respective secured claims until paid in the amount set forth in this Part. A creditor shall release its lien(s) on collateral securing its secured claim upon payment in the amount set forth in this Part. Except as modified by the terms of this Plan, all documents evidencing indebtedness and security in favor of said secured creditors remain the same and are incorporated herein by reference.

The unsecured portion of an allowed claim described in this Part shall be deemed to be an unsecured claim for purposes of plan confirmation and shall be subject to discharge along with other non-priority unsecured claims. A creditor's lien(s) securing the unsecured portion of its claim shall be avoided upon the entry of an order of discharge by the Court. An unsecured claim described under this Part remains subject to objection and disallowance under 11 U.S.C. § 502 & Fed. R. Bankr. P. 3007.

Class 2 consists of the following secured claims:

**A. Glenwood State Bank**

As of March2 0, 2026, according to the claim filed, the Debtor is obligated to Glenwood State Bank. ("GBS") in the approximate amount of $673,405.58 pursuant to two promissory notes which are described as follows:

| Loan No. | Current Principal |
|---|---|

| | |
|---|---|
| 0149 | $250,213.99 |
| 5573 | $423,191.59 |

Loan 0149 debt is secured by a first position mortgage on Debtor's homestead real estate located at 39852 State Hwy 30 Storden, MN 56174. Loan 5573 is secured by a first position mortgage on Debtor's lake cabin real estate located at 129 Valhalla Rd, Slayton, MN 56172. These loans are fully secured by Debtor's property. GSB may be entitled to pre- and post-petition confirmation interest, attorneys' fees, costs, disbursements and other charges, under 11 U.S.C. § 506(b), up to the value of their collateral. The parties may stipulate to those amounts, or the GSB may move the Bankruptcy Court for approval and allowance of them, at reasonable times and intervals.

1) Homestead Loan

Loan 0149 debt is secured by a first position mortgage on Debtor's homestead real estate located at 39852 State Hwy 30 Storden, MN 56174. This loan is fully secured by Debtors property. Debtor will continue to make payments of $1,564.83 per month, pursuant to the original loan agreement with GSB outside of the plan. Debtor may prepay the claims in whole or in part at any time.

2) Lake Cabin Loan

Loan 5573 is secured by a first position mortgage on Debtor's lake cabin real estate located at 129 Valhalla Rd, Slayton, MN 56172. This loan is fully secured by Debtors property. Debtor will continue to make payments of $2,278.95 per month, pursuant to the original loan agreement with GSB outside of the plan. Debtor may prepay the claims in whole or in part at any time.

**B. Federal Agricultural Mortgage Corporation**

U.S. Bank, N.A. as Custodian/Trustee for Federal Agricultural Mortgage Corporation Programs ("Farmer Mac") filed its proof of claim on April 28, 2026, Claim #8, asserting a secured claim in the amount of $1,567,899.93 (the "Farmer Mac Proof of Claim"). Farmer Mac's secured claim arises from a loan Integrity Bank made to Debtors and the related note Debtors signed and delivered to Integrity Bank dated April 5, 2022, in the original principal amount of $2,600,000.00 (the "Original Note") and a mortgage, security agreement, assignment of rents, and fixture filing Debtors signed and delivered to Integrity Bank (the "Original Mortgage"). The Original Note and Original Mortgage were subsequently assigned to Farmer Mac, and copies are attached to the Farmer Mac Proof of Claim. The Original Note, Original Mortgage, and all other instruments and agreements which evidence, relate to, and/or secure the obligations Debtors owe Farmer Mac are collectively referred to herein as the "Existing Farmer Mac Loan Documents." The Original Mortgage secures the obligations Debtors owe Farmer Mac and grants Farmer Mac a first priority lien and/or security interest against Debtors' real property identified as agricultural land in Cottonwood and Murray Counties, Minnesota, together with all buildings, improvements, fixtures, irrigation equipment, and

all other collateral identified in the Original Mortgage (collectively, the "Farmer Mac Collateral"). Farmer Mac property perfected its lien and security interest against the Farmer Mac Collateral by recording the Original Mortgage in the offices of the Register of Deeds of both Cottonwood County, Minnesota and Murray County, Minnesota on April 6, 2022.

This class will be impaired to the extent the treatment described below is implemented through the Amended and Restated Loan Documents. As of the Debtors' petition date, Debtors, jointly and severally, owed Farmer Mac $1,567,899.93, which amount includes principal and accrued interest. Farmer Mac's claim shall be an allowed secured claim in this case, and Farmer Mac is oversecured. Accordingly, Farmer Mac shall also be entitled to post-petition, pre-confirmation interest accruing at the contract rate provided for in the Original Note and post-petition attorneys' fees and costs (collectively, Farmer Mac's secured claim plus post-petition interest, attorneys' fees and costs shall be referred to as the "Farmer Mac Indebtedness"). Farmer Mac shall retain its first priority lien and security interest in the Farmer Mac Collateral until Debtors have paid the Farmer Mac Indebtedness, plus post-confirmation interest, fees and costs, in full. Debtors shall pay the Farmer Mac Indebtedness, plus post-confirmation interest, fees and costs, in full on or before July 1, 2052. Interest shall accrue on the Farmer Mac Indebtedness post-confirmation at the variable interest rate currently set at 5.440% and subject to change under the Rate Adjustment as contained in the Amended and Restated Loan Documents. **Debtors shall make their first plan payment to Farmer Mac on or before January 1, 2027,** in the amount necessary to reduce the Farmer Mac Indebtedness, plus post-confirmation interest, fees, and costs, to the total approximate amount of $1,522,254.66. This payment will be in the approximate amount of $116,288.56. **Thereafter, semi-annual payments in the approximate amount of $57,751.19 shall be due on July 1 and January 1** of each and every year until the Farmer Mac Indebtedness is paid in full on or before July 1, 2052. The Existing Farmer Mac Loan Documents shall remain binding upon the Debtors and in full force and effect subject only to the modified payment terms herein and the Amended and Restated Loan Documents (as that term is defined hereinbelow).

Amended and Restated Loan Documents. Upon the confirmation of Debtors' plan of reorganization, Farmer Mac and Debtors shall enter into, among possibly other loan documents, an amended and restated promissory note and an amended and restated mortgage (collectively, along with any related, conforming, replacement, renewal, or modification documents necessary to evidence, secure, and implement the agreed treatment of Farmer Mac's claim set forth above, the "Amended and Restated Loan Documents"). Upon execution, the Amended and Restated Loan Documents shall govern and control the parties' respective rights and obligations with respect to the Farmer Mac Indebtedness and Collateral. Without limiting the foregoing, the Amended and Restated Loan Documents shall govern the principal balance, interest rate,

payment amounts, payment due dates, amortization, maturity, default provisions, remedies, charges, fees, expenses, and all other loan terms. To the extent of any inconsistency between the Debtors' plan, any order confirming Debtors' plan, and the Amended and Restated Loan Documents, the Amended and Restated Loan Documents shall control, unless otherwise expressly ordered by the Bankruptcy Court. Debtors agree to sign – and to cause non-bankrupt co-mortgagors, Steven Halland and Verla Halland, Trustees of The Steven Halland Living Trust under trust instrument dated November 1, 2011, and Verla Halland and Steven Halland, Trustees of The Verla Halland Living Trust under trust instrument dated November 1, 2011 to sign – the Amended and Restated Loan Documents.

If an Event of Default occurs as set forth in the Amended and Restated Loan Documents while the automatic stay imposed by 11 U.S.C. § 362 (the "Automatic Stay") is still in effect, and if Debtors fail to cure their default within thirty (30) days after Farmer Mac mails written notice of such default to Debtors and Debtors' attorney, Krystal M. Lynne, then Farmer Mac shall be entitled to immediate relief from the Automatic Stay without further notice or hearing upon filing an affidavit with the Bankruptcy Court setting forth the nature of the default, the date upon which Farmer Mac mailed written notice of said default to Debtors and Debtors' attorney, and the failure of Debtors to cure such default within thirty (30) days thereafter. Debtors shall only be entitled to one (1) notice of right to cure and/or thirty (30) day cure period as described herein, and upon Debtors' second default the Automatic Stay and any other stay or injunction herein shall immediately terminate as to Farmer Mac upon the filing of an affidavit of such default, without any notice to Debtors, without opportunity to cure, and without a hearing. The default notice requirement provided in this paragraph shall cease upon termination of the Automatic Stay.

**C. Farmers and Merchants State Bank of Springfield**

As of March 20, 2026, pursuant to the claim filed, the Debtor is obligated to the Farmers and Merchants State Bank of Springfield ("F&M") in the approximate amount of $4,478,469.43 (not including attorney's fees) pursuant to promissory notes which are described as follows:

| Loan | Current Principal | Interest/Fees | Total |
|---|---|---|---|
| Note 7539 | $1,493,771.11 | $47,311.1 | $1,541,622.29 |
| Note 7540 | $2,091,279.58 | $66,225.61 | $2,157,505.19 |
| Note 7542 | $760,495.14 | $18,846.83 | $779,341.97 |

This debt is secured by a lien on Debtor's real estate and personal farm property and all farm products prior to Debtor's bankruptcy filing. In addition, F&M also has a mortgage against the entire real estate, in which Debtor only has a partial interest in, including Parcel 17-021-0501 and Parcel 09-034-0300. Including this additional collateral not owned by the Debtor, F&M is fully secured, and F&M may be entitled to pre- and post-petition confirmation interest, attorneys' fees, costs, disbursements and other charges, under 11 U.S.C. 506(b), up to the value of Debtor's collateral. The parties may stipulate to those amounts,

or the CCU may move the Bankruptcy Court for approval and allowance of them, at reasonable times and intervals.

These notes shall be merged into one note and shall be secured by the real estate currently securing the note as well as Debtor's equipment, and any farm products and related collateral prior to Debtor's filing. Interest on this note shall be 7.5% for the life of the loan. This loan shall be amortized over 20 years, and balloon on July 31, 2032, with yearly payments of $440,000.00, with the first payment due January 31, 2027. Starting January 20, 2027, Debtors will pay F&M $5,000.00 per month for feeding the silage they had on hand as of the date of filing. These payments will continue until December 20, 2028, at which point Debtors believe all the current silage they have on hand will be fed and represents the value of the silage. If at any point the Debtors are unable to make the monthly payment, they will sell the silage and turn over the proceeds to F&M. In 2028 and 2029, the Debtors' January payments will be adjusted to reflect the monthly payments or the value of the silage. The payments made in January of 2030 and 2031, will increase to $440,000.00. Principal and interest will be fully amortized by way of equal payments, with the exception of the final payment. Debtors may prepay the claims in whole or in part at any time.

Debtor turned over three checks which total $203,338.98 ($25,100.00 for a rock picker, $127,616.21 for part of Debtor's 2025 grain, and $50,662.77 for Debtor's remaining cattle). In addition, Debtor will sell any remaining grain from 2025, valued at approximately $40,000.00. From these proceeds, F&M shall release $19,578.00 to pay the farmland's 2026 property taxes, the remaining balance shall be applied towards F&M's first payment due January 31, 2027.

If an Event of Default on their year-end payment and if Debtors fail to cure their default within thirty (30) days after Debtors receives mailed written notice of such default to Debtors and Debtors' attorney, Krystal M. Lynne, then then Debtors shall be required to list their cattle barns for sale with within 15 days of failing to cure any default.

**D. US Small Business Association**

As of March 20, 2026, according to the claim filed, the Debtor is obligated to the US Small Business Association ("SBA") in the approximate amount of $163,348.12 (not including alleged interest, late fees, and attorney's fees claims). This debt is secured by a first position lien on Debtor's equipment. This debt is fully secured. Debtor will continue to make payments of $731.00 per month, pursuant to the original loan agreement with Farmer Mac outside of the plan. Debtors may prepay the claims in whole or in part at any time.

**E. CNH Industrial Capital America LLC**

As of March 20, 2026, the Debtor is obligated to the CNH Industrial Capital America LLC ("CNH") in the approximate amount of $757,796.79 for secured claims pursuant to promissory notes which are

described as follows:

| Loan | Current Principal |
|---|---|
| Note 9496 | $73,179.87 |
| Note 7316 | $379,085.57 |
| Note 3774 | $96,661.36 |
| Note 1727 | $208,869.99 |

Each of the Debtors' obligations on account of the Class 2-E Claims shall be secured by a security interest in the respective collateral for each Retail Installment Sale Contract and Security Agreement, with such security interest having the same priority, dignity, and effect as prevailed immediately prior to the Petition Date. The Class 2-E Claims are fully secured and CNH may be entitled to its attorney's fees, costs and other fees. The parties may stipulate to such amounts, or the CNH may move the Bankruptcy Court for approval and allowance of such amounts at reasonable times and intervals.

Except as otherwise provided herein, all of the Debtors' obligations on account of the Class 2-E Claims shall be governed by the terms of each respective Retail Installment Sale Contract and Security Agreement, and all related instruments and agreements, the terms of which are incorporated herein by reference.

1) <u>JD Payloader 521</u>

Note 9496 debt is a lease for a JD Payloader 521 and bucket, with only the option to purchase remaining. Debtor shall assume this option and make the payment by January 31, 2027.

2) <u>2022 Case IH 8250 Combine and Corn Head</u>

Note 7316 is secured by a purchase money security interest in a 2022 Case IH 8250 Combine and Corn head, along with a 2022 Stud King Header Trailer. Interest on this loan shall be 3.55% for the life of the loan. This loan shall be amortized over 5 years, with yearly payments of $85,000.00, with the first payment due January 31, 2027, and each payment due by January 31 thereafter. Principal and interest will be fully amortized by way of equal payments, with the exception of the final payment, which will be $77,313.33. Debtors may prepay the claims in whole or in part at any time. These payments shall be paid outside the plan.

3) <u>2023 Case IH Tiger 255</u>

Note 3774 is secured by a purchase money security interest in a 2023 Case IH Tiger 255 soil preparation. Interest on this loan shall be 4.34% for the life of the loan. This loan shall be amortized over 5 years, with yearly payments of $21,250.00, with the first payment due January 31, 2027, and each payment due by January 31 thereafter. Principal and interest will be fully amortized by way of equal payments, with the exception of the final payment, which will be $19,747.30. Debtors may prepay the claims in whole or in part at any time. These payments shall be paid outside the plan.

4) <u>2012 Case IH STX600</u>

Note 1727 is secured by a purchase money security interest in a 2012 Case IH STX600. Interest on this loan shall be 3.60% for the life of the loan. This loan shall be amortized over 5 years, with yearly payments of $47,000.00, with the first payment due January 31, 2027, and each payment due by January 31 thereafter. Principal and interest will be fully amortized by way of equal payments, with the exception of the final payment, which will be $42,212.94. Debtors may prepay the claims in whole or in part at any time. These payments shall be paid outside the plan.

**F. Bank Midwest**

As of March 20, 2026, the Debtor is obligated to the Bank Midwest in the approximate amount of $44,422.64 (not including alleged interest, late fees, and attorney's fees claims). This debt is secured by a first position lien on Debtor's houle manure tank. Debtor will continue to make payments of $12,000.00 per year, pursuant to the original loan agreement with Bank Midwest outside of the plan. Debtors may prepay the claims in whole or in part at any time.

**G. USDA Farm Service Agency (FSA)**

As of March 20, 2026, the Debtor is obligated to the USDA Farm Service Agency (FSA) in the approximate amount of $103,210.06. This debt is secured by a lien against Debtor's real estate, with a mortgage dated May 21, 2008, and recorded on May 27, 2008, against The Northwest Quarter (NW1/4); and the North Half of the Southwest Quarter (N1/2 of SW¼); all in section Thirty-four (34), Township One Hundred Eight (108) North, Range Thirty-seven (37) West of the Fifth Principal Meridian. This note is fully secured. This note has an interest rate of 5%. The annual payment of $8,160.00 is due January 1st. Debtor will continue to make payments of $8,160.00 per year, pursuant to the original loan agreement with FSA outside of the plan.

<u>CLASS 3 – Priority Unsecured Claims</u>

This class consists of allowed priority and administrative expense claims (other than those separately addressed under Part 2 and Part 8). The amounts listed below are estimates, and a claim or administrative expense described under this Part remains subject to objection, disallowance and reclassification under 11 U.S.C. § 502 & Fed. R. Bankr. P. 3007. The debtor will make sufficient deferred cash payments to the Trustee to pay in full any claims entitled to priority under 11 U.S.C. § 507. The debtor will also submit all disposable income to the Trustee for payment of priority and non-priority unsecured claims. The debtor shall make minimum payments to this class based on the schedules set forth below in Class 4, as this payment schedule will pay the below creditors un full pursuant to deferred cash payments.

Class 3 consists of all claims entitled to priority under § 507, including the following:

A. Internal Revenue Service: $11,774.54 – Will be paid in full pursuant to class 4.
B. MN Department of Revenue: $1,826.00 – Will be paid in full pursuant to class 4.

Priority claims shall be paid prior to payment of non-priority general unsecured claims pursuant to 11 U.S.C. § 507.

CLASS 4 – Unsecured Claims

Class 4 consists of general unsecured claims, claims of all unsecured creditors which are as a result of damages arising as a result of the rejection of unexpired leases and/or executory agreements, claims resulting from the value of a secured claim being of a value less than the security held against held claim, and/or those secured creditors whose claims are determined to be unsecured, claims of all accommodation parties and co-makers or loans of which the Debtor is the principal, and claims for taxes and penalties which are not included in any other Class.

Debtor will pay unsecured claims, (not including attorney's fees) in the total approximate amount of $299,250.00 over the five-year term of the plan. The unsecured claims timely filed in this case total $257,445.23 (with the exception of claim 16, which is treated as secured as seen above). This payment plan is anticipated to pay creditors in full. Further, the Debtor does not anticipating selling any significant property during the course of the plan, so there is currently no anticipation of incurring additional post-filing dischargeable capital gains taxes. In the event that such a tax is incurred, Debtor shall re-assess the plan and shall pay the unsecured creditors at least an amount equal to the amount required in the liquidation analysis set forth in Exhibit A or the total amount of additional incurred taxes, whichever is less. Debtors' shall pay Trustee $315,000.00 over the course of the plan.. The first payment will be made pursuant to the sale of a non-exempt sale of real property located at 132 State Hwy 30. There is no debt against this property and this is sale is expected to net the Debtor's approximately $50,000.00 after closing costs are assessed. Payments made to the non-priority, general unsecured class shall be disbursed by the Trustee pro-rata based on the amount of filed and allowed claims existing on the date of disbursement. Debtors have been approached by an party interested in purchasing the meat market, so that additional income is as accounted for in 2027. If the Debtors proceed, the sale of this property will incur non-dischargeable capital gains taxes, proceeds shall be set aside to pay these taxes as well as any closing costs associated with the sale, any remaining proceeds shall be turned over to the Trustee and be paid to unsecured creditors

In the event that the Debtors do not have the ability to make a payment to the Trustee under the plan, they shall list the lake cabin property for sale. The sale of this property will incur non-dischargeable capital gains taxes, proceeds shall be set aside to pay these taxes as well as any closing costs associated

with the sale, any remaining proceeds shall be turned over to the Trustee and be paid to unsecured creditors.

Pursuant to Bankruptcy Rule of Civil Procedure 3021, the Trustee shall not make any distributions to non-priority unsecured claims until the final month of last confirmed plan. Any non-governmental, unsecured claims associated with claims filed after the non-governmental claim filing deadline are disallowed as these creditors did not timely file claims. These claims will not be included in the pro rata distribution under Part 9 and will be discharged upon the debtor receiving a discharge in this case.

Trustee shall be paid approximately $14,000.00. The administrative expenses to the Trustee, will be based upon court approval. The amounts listed in the subsequent charts are representative for budget purposes only.

| January 31, 2027 Total Payment | $50,000.00 |
|---|---|
| | |
| Trustee Fees | $2,500.00 |
| Unsecured Creditors | $47,500.00 |

| January 31, 2028 Total Payment | $100,000.00 |
|---|---|
| | |
| Trustee Fees | $5,000.00 |
| Unsecured Creditors | $95,000.00 |

| January 31, 2030 Total Payment | $15,000.00 |
|---|---|
| | |
| Trustee Fees | $750.00 |
| Unsecured Creditors | $14,250.00 |

| January 31, 2031 Total Payment | $150,000.00 |
|---|---|
| | |
| Trustee Fees | $7,500.00 |
| Unsecured Creditors | $142,500.00 |

<u>CLASS 5 – Executory Contracts and Leases</u>

Class 5 consists of executory contracts and leases existing as of the date of filing. All such executory contracts and leases are rejected unless specifically assumed in this section. The debtor assumes the following executory contracts and leases:

A. Insurance – Debtor shall assume their contracts with their insurance providers including AFLAC, Blue Cross/Blue Shield, Farmers Mutual Hail Insurance, Grinnel Mutual Reinusrance Co., and Westbrook Mutual and pay the necessary premiums as they come due.

B. Land Rental – Debtor shall assume the below land rental agreement, insofar they were deemed to have been entered into prior to Debtor's bankruptcy:
   - Alrichs Family Trust – 50 acres for $11,250.00 per year
   - Alicia Clauson – 65.60 acres for $20,100.00 per year
   - All Season's Hunting – 454.75 acres per year for $100,845.00
   - John Croatt – 15 acres for $3,900.00 per year
   - Mike Alrichs – 152 acres at 50/50 crop share
   - Randy Swanson – 160 acres for $38,500.00 per year
   - Ray Dean Swenson – 165 acres for $41,250.00 per year
   - Shirley Alrichs/Alrichs Family – 727.85 at 50/50 crop share
   - Vicki and Lee Busswitz – 80 acres at $14,000.00 per year
   - Tanlee Noomen - $5,000.00 for her 25% interest in 105 acres

C. Sale – Debtor shall assume the contract to sell the real property located at 132 State Hwy 30, Storden, MN 56174 to Porter Marsh for $56,000.00.

D. Small Town Storage – Debtor shall assume this monthly payment of $120.00, which shall be paid from their living expenses

E. Verizon Wireless – Debtor shall assume this monthly payment of $189.93, which shall be paid from their living expenses.

F. CNH Industrial Capital America – Debtor shall assume this lease and take the purchase option and shall make the payment by January 31, 2027.

## **<u>ARTICLE V</u>**

## CONTINUATION OF FARMING OPERATION

The Debtors propose to continue their farm operation in substantially the same form as it is currently being operated, with the exception that they plan to increase their custom cattle operation. Debtors will make plan payments out of farm or other income. Debtors shall defer from the income and proceeds of said operation sums of money for reasonable and necessary farm expenditures. Such expenses would include the ordinary, reasonable expenses that are set forth in the exhibits attached hereto, including payments to creditors outside of the plan and reasonable capital improvements, including machinery, equipment, and livestock. Debtor's projections of income, operating expenses, and payments are attached as Exhibit B.

The However, it is understood that any significant purchases that require new debt to be incurred will need court approval. As part of the continuing farm operation, Debtor shall submit operating reports and

bank statements on a monthly basis to the Chapter 12 Trustee. All disposable income as defined by 11 USCA § 1225(b)(2) received during the term of the plan will be applied to make payments under the plan.

**ARTICLE VI**

LIVING EXPENSES

Debtors projection of living expenses is $50,000 per year starting in 2026. Debtor's living expenses will primarily be paid by Debtor's farm and other income. The Debtor shall limit their annual withdrawals for living expenses to said amount, unless said amount is modified by Court Order. The Court shall retain authority and jurisdiction to modify said allowance upon application of a party in interest.

**ARTICLE VII**

DISPOSABLE INCOME

For the term of this plan, all of the debtor's disposable income (income not necessary for the continuation, preservation and operation of the farm and for the maintenance or support of the debtor and debtor's dependents), regardless of the amount, will be paid to the Trustee. The Trustee shall disburse these funds first to any unpaid priority claims (including Trustee's fees and other administrative expenses) and second to non-priority unsecured creditors. The debtor's projection of living expenses is $50,0000.00. The debtor shall limit annual withdrawals for living expenses to said amount, unless said amount is modified by Court Order. The Court shall retain authority and jurisdiction to modify said allowance upon application of a party in interest.

**ARTICLE VIII**

LIQUIDATION ANALYSIS

Under a hypothetical liquidation of the estate, and after deducting the amounts of the secured claims, exemptions, Trustee's fees and liquidation costs the Debtor believes net equity in the property is $395,614.99. General and priority unsecured creditors (but not including attorney's fees) be paid in full or will receive no less than $394,614.99, whichever is less, over the life of the Plan. The Liquidation Analysis is attached in Exhibit A.

**ARTICLE IX**

GOVERNMENTAL CLAIMS

Governmental claims arising under 11 U.S.C. § 1232 (1) shall be treated as non-priority unsecured claims arising before the date on which the petition is filed; (2) shall be treated under Part 9 of the plan (Non-Priority Unsecured Claims), provided that the claim is not otherwise disallowed, (3) shall not be

entitled to priority treatment under 11 U.S.C. § 507; and (4) shall be discharged in accordance with 11 U.S.C. §§ 1228 & 1232. Pursuant to 11 U.S.C. §1232(a), the claims of the IRS and the Minnesota Department of Revenue arising after the filing of the petition in this case and prior to the discharge as a result of the sale, transfer, exchange, or other disposition of property used in Debtor's farming operation shall be discharged and treated as unsecured claims arising before the date of filing and are not entitled to priority, i.e. part of Class 4. If the Debtor files a tax return for a period for which such a claim arises, the Debtor shall prepare and service a notice of the claim on the IRS and the Minnesota Department of Revenue in accordance with 11 U.S.C. § 1232(d)(2) and to the extent that the IRS, Minnesota Department of Revenue, or the trustee timely files a proof of claim pursuant to 11 U.S.C. § 1232(d)(3), the trustee shall pay the IRS and the Minnesota Department of Revenue as general unsecured creditors. A claim described under this Part remains subject to objection and disallowance under 11 U.S.C. § 502 & Fed. R. Bankr. P. 3007.

## **ARTICLE X**

### EXECUTION OF PLAN AND CASH FLOW ANALYSIS

The debtor proposes to continue their farming operations and make the plan payments out of farm and other income. The debtor's projection of income, operating expenses, and plan payments are attached as Exhibit B.

## **ARTICLE XI**

### RETENTION OF LIENS AND INCORPORATION OF DOCUMENTS

All creditors whose claims are treated as secured in this Plan shall retain their liens on the collateral securing their respective claims as specified in the Plan and until such claims are paid in full in the amount allowed as secured. Except as modified by the terms of this Plan, all documents evidencing indebtedness and security in favor of said secured creditors remain the same and are incorporated herein by reference as if more fully set out in this plan. This Plan and the Order confirming the Plan may be recorded in the Office of the Register of Deeds of each county.

## **ARTICLE XII**

### GENERAL PROVISIONS

1. The Court shall retain jurisdiction over the debtor and the debtor's property for the term of the plan. Property of the estate vests in the debtor upon completion of plan payments due during the term of the plan.
2. As part of the continuing farm operation, the debtor shall submit operating reports and bank

statements on a monthly basis to the Chapter 12 Trustee. The debtor shall provide the Chapter 12 Trustee copies of tax returns annually once filed.

3. For the duration of the Chapter 12 plan, the debtor shall seek Court approval to obtain credit or incur indebtedness as required under 11 U.S.C. § 364.
4. For the duration of the Chapter 12 plan, the debtor shall seek Court approval to use, sell, or lease property as required under 11 U.S.C. § 363.
5. Either the debtor or any creditor may record this plan and the Order confirming this plan with the Office of the County Recorder of each county in which the debtor have an interest in real estate without violation of the automatic stay.

Dated: August 21, 2026

STERMER & SELLNER, CHTD.

By: */s/ Krystal M. Lynne*
Krystal M. Lynne Attorney ID #0392816
Attorney for Debtor(s)
102 Parkway Drive, P.O. Box 514
Montevideo, MN 56265
Telephone: (320) 269-6491
E-mail: klynne@stermerlaw.com

Dated: 8-21-26

Tyson Anderson

Jennifer Anderson

# EXHIBIT A

# LIQUIDATION ANALYSIS

Tyson and Jennifer Anderson

| Asset | Value | Lien | 2nd Lien | Exemption | NE Value |
|---|---|---|---|---|---|
| Real Property | | | | | |
| Property ID 170210500 | $562,100.00 | GSB - $250,213.99 | F&M-$311,886 | $311,654.30 | $0.00 |
| Property ID 170210501 | $740,025.00 | F&M-$740,025.00 | | $963,345.70 | $0.00 |
| Property ID 170210502 | $667,600.00 | FM - $667,600.00 | | | $0.00 |
| Property ID 170310403 | $34,800.00 | | | | $34,800.00 |
| Property ID 170280106 | $437,100.00 | F&M-$437,100.00 | | | $0.00 |
| Property ID 090340300 | $910,600.00 | FM - $900,299.93 | F&M - $10,300 | | $0.00 |
| Property ID 170210302 | $340,200.00 | F&M-$340,200.00 | | | $0.00 |
| Property ID 170210300 | $74,600.00 | F&M-$74,600.00 | | | $0.00 |
| Property ID 151110010 | $575,200.00 | GSB - $423,191.59 | | | $152,008.41 |
| Property ID 237140880 | $47,700.00 | | | | $47,700.00 |
| Property ID 237150230 | $54,200.00 | | | | $54,200.00 |
| Property ID 214141230 | $62,000.00 | SBJ - $62,000.00 | | | $0.00 |
| Property ID 214141210 | $400.00 | | | | $400.00 |
| Property ID 170210303 | $99,000.00 | F&M-$99,000.00 | | | $0.00 |
| | | | | | |
| Chattel/Farming | | | | | |
| Equipment List | $863,200.00 | F&M - $863,200.00 | | | $0.00 |
| Farm Animals | $50,622.77 | F&M-$50,622.77 | | | $0.00 |
| Corn – 12,000 bu | $48,000.00 | F&M-$48,000.00 | | | $0.00 |
| Corn – 33,716.41 | $127,616.21 | F&M-$127,616.21 | | | $0.00 |
| JD Payloader (lease) | $98,000.00 | CNH - $73,179.87 | | | $0.00 |
| Case Combine/Corn Hd | $382,000.00 | CNH-$379,085.57 | | F&M | $0.00 |
| Case Quadrack | $180,000.00 | CNH-$208,869.99 | | | $0.00 |
| Case Field Cultivator | $96,000.00 | CNH-$93,182.32 | | F&M | $0.00 |
| Houle Manure Tank | $40,000.00 | BMW-$44,422.64 | | | $0.00 |
| Shop Tools | $6,050.00 | | | $6,050.00 | $0.00 |
| Farm Inventory | $160,600.00 | F&M-$160,600.00 | | $19,950.00 | $0.00 |
| Meadowland Farmers | $1,000.00 | | | | $1,000.00 |
| | | | | | |
| Vehicles | | | | | |
| 2021 Chevy Silverado | $46,000.00 | | | $10,000.00 | $36,000.00 |
| 2019 Yuckon Denali | $12,000.00 | | | $10,000.00 | $2,000.00 |
| 1999 Buick | $1,000.00 | | | | $1,000.00 |
| 2013 Ford F150 | $2,000.00 | | | | $2,000.00 |
| 1999 Jeep Wrangler | $1,000.00 | | | | $1,000.00 |
| 2013 Ford F350 | $7,000.00 | | | | $7,000.00 |
| 2020 Mahindra | $9,000.00 | F&M-$9,000.00 | | | $0.00 |
| 1985 Mack | $2,000.00 | | | | $2,000.00 |
| 1978 City Dump Truck | $1,500.00 | | | | $1,500.00 |
| 2015 Volvo | $30,000.00 | F&M-$30,000.00 | | | $0.00 |
| 2007 Freightliner | $13,900.00 | F&M-$13,900.00 | | | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| 2003 Peterbilt | $35,000.00 | F&M-$35,000.00 | | | $0.00 |
| 1996 Peterbilt | $34,000.00 | F&M-$34,000.00 | | | $0.00 |
| 2014 Wilson | $25,000.00 | F&M-$25,000.00 | | | $0.00 |
| 2004 Wilson Cmdr | $14,000.00 | F&M-$14,000.00 | | | $0.00 |
| 2008 Yamaha | $1,000.00 | F&M-$1,000.00 | | | $0.00 |
| 2017 Polaris Ranger | $1,800.00 | F&M-$1,800.00 | | | $0.00 |
| 2016 Honda Rubicon | $1,000.00 | F&M-$1,000.00 | | | $0.00 |
| 4 Wheeler | $1,5000.00 | F&M-$1,500.00 | | | $0.00 |
| 2007 Arctic Cat | $1,000.00 | F&M-$1,000.00 | | | $0.00 |
| | | | | | |
| Household/Misc. | | | | | |
| Household Goods | $6,000.00 | | | $6,000.00 | $0.00 |
| Household Goods | $2,000.00 | | | $2,000.00 | $0.00 |
| Electronics | $1,000.00 | | | $1,000.00 | $0.00 |
| Redwing Collection | $5,000.00 | | | | $5,000.00 |
| Paintings | $400.00 | | | | $400.00 |
| Golf Clubs/Sports Equip | $500.00 | | | | $500.00 |
| Pool Table | $500.00 | | | | $500.00 |
| Guns | $1,025.00 | | | | $1,025.00 |
| Misc. Clothing | $500.00 | | | $500.00 | $0.00 |
| Jewelry | $2,200.00 | | | $2,200.00 | $0.00 |
| Pets | $5.00 | | | | $5.00 |
| Riding Lawn Mower | $1,500.00 | | | $1,500.00 | $0.00 |
| JD Riding Lawn Mower | $1,500.00 | | | $1,500.00 | $0.00 |
| Misc. Outdoor Equip. | $1,500.00 | | | $1,500.00 | $0.00 |
| Cash | $100.00 | | | $100.00 | $0.00 |
| xxxx712 | $21,397.59 | | | $21,397.59 | $0.00 |
| xxxx141 | $125.29 | | | $125.29 | $0.00 |
| xxxx156 | $98.69 | | | $98.69 | $0.00 |
| xxxx125 | $614.49 | | | $614.49 | $0.00 |
| xxxx823 | $0.00 | | | $0.00 | $0.00 |
| xxxx636 | $162.37 | | | $162.37 | $0.00 |
| East Dakota Beef | $1.00 | | | | $1,000.00 |
| Highwater Ethanol | $24,000.00 | | | | $24,000.00 |
| Meat Market | $50,663.60 | | | | $50,663.60 |
| Jeffers Wind | $1.00 | | | | $1.00 |
| IRA | $89,682.59 | | | $89,862.59 | $0.00 |
| IRA | $70,077.37 | | | $70,077.37 | $0.00 |
| IRA | $455,633.58 | | | $455,633.58 | $0.00 |
| IRA | $1,900.73 | | | $1,900.73 | $0.00 |
| Auto Owners Annuity | $4,968.22 | | | $1,500.00 | $3,468.22 |
| Thrivent Variable Annuity | $3,829.86 | | | $1,500.00 | $2,329.86 |
| Education IRA | $78,932.33 | | | $78,932.33 | $0.00 |
| Prudential Life Ins. | $1,849.92 | | | $1,849.92 | $0.00 |
| Unum Life. Ins. | $0.00 | | | | $0.00 |
| Penn Mutual Life Ins. | $1,322.29 | | | $1,322.29 | $0.00 |
| State Farm Life Ins. | $3,767.00 | | | $3,767.00 | $0.00 |
| | | | | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Total NE Assets** | | | | | **$439,461.09** |
| Liquidation | | | | | |
| Chapter 7 Trustee Fees | -$25,173.05 | | | | |
| Liquidation Costs | -$43,846.10 | | | | |
| | | | | | **$395,614.99** |

# EXHIBIT B

The Below Estimates are based on the following:

Starting – This is based on the sale of the rock picker, rental real property, leftover 2025 crops, and the sale of Debtor's remaining cattle.

Grain –

A big change is Debtors realized they didn't properly account for the acres they are sharecropping, hence why the crop value has decreased so much. Crop value for 2026 (Aug) is using Debtors' average yield pursuant to their crop insurance numbers, now accounting for sharecropping. For prices, current prices at Meadowland have new crop valued at $4.52 for corn and $11.76 for soybeans. However, these prices have increased and current futures do estimate that 2026 prices for corn will likely exceed $5.00 and soybeans will likely exceed $12.00. So, the 2026 estimate is based on $5.00 for corn and $12.00 for soybeans.

The list of 2026 (Aug) lists current draws on the Debtors' operating note. There shouldn't be too many more expenses, mostly just some labor and gas, but repairs may be needed. Debtors have approximately $150,000.00 available on their operating note.

Custom Farming – This is based on past income

Custom Feeding

Debtors miscalculated their custom feeding operation in their last projections. They forgot to account that they have approximately 3,000 tons of silage that can be fed to the cattle they are custom feeding. The silage Debtors have on hand should be able to feed a herd of 400-450 cattle for approximately a little over 2 years. This increases the custom feeding revenue, as instead of .50 per head per day, which Debtors were using to calculate their projected income, it would increase to $2.50 per head per day for non-grazing cattle.

Debtors have room in their barns for approximately 1,400 head of cattle. In 2025 and the first part of 2026 Debtors were custom feeding approximately 400 head of cattle, from May to present that number has reduced to 110. Those cattle are expected to remain with Debtors for the foreseeable future. In addition, given that cattle prices are starting to reduce and after discussions with farmers, Debtors anticipate that they will start to receive additional cattle in October and believe they will be able to rebuild the herd they are custom feeding to 400 by 2027, 500 in 2028, 550 in 2029, and 650 in 2030. With the meat packing plant opening in Huron, South Dakota, Debtors believe these are conservative estimates, as that plant will increase the demand for cattle locally. Further in 2028, Debtors will use approximately 60 acres of corn for silage and 130 acres of corn for silage in 2029 and 2030. This will provide the Debtors will enough silage to comfortably feed an increased custom feeding herd.

Other Income

Jennifer Anderson is planning on working part time as a PERA – part-time PERA, Debtor estimates this is bring in an additional $15,000.00 per year ($7,500.00) in 2026. Debtors have been approached by an party interested in purchasing the meat market, so that additional income is as accounted for in 2027. $15,000.00 per year in anticipated dividends from Meadowlands, Jeffers Wind, etc. In 2026, Debtor also will have/had income from their two rental properties that are being sold. Debtor plan on selling one of their rental properties on a contract for deed in 2026, $4,000.00 down and $1,000.00 per month. Finally, Debtor is hopeful to start seeing a return on the meat packing plant sometime in 2028, as it should be complete in 2027.

| | 2026 | 2027 | 2028 | 2029 | 2030 |
|---|---|---|---|---|---|
| PERA | $7,500.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |
| Meat Market | $15,000.00 | | | | |
| Dividends | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |
| Rental Inc. | $12,500.00 | | | | |
| Rental Sale. | $10,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 |
| Meat Packing | | | $13,000.00 | $25,000.00 | $35,000.00 |
| | $60,000.00 | $42,000.00 | $55,000.00 | $67,000.00 | $77,000.00 |

**EXHIBIT B**

CASH FLOW ANALYSIS

**Projected Income**

| Income Source | 2026 (Aug) | 2026 | 2027 | 2028 | 2029 | 2030 |
|---|---|---|---|---|---|---|
| Starting | $300,000.00 | $300,000.00 | $170,000.00 | $20,000.00 | | $100,000.00 |
| Crops | $1,158,370.10 | $1,257,041.00 | $1,152,000.00 | $1,100,000.00 | $1,050,000.00 | $1,050,000.00 |
| Custom Work | $40,000.00 | $40,000.00 | $40,000.00 | $40,000.00 | $40,000.00 | $40,000.00 |
| Government Payment | $40,000.00 | $40,000.00 | $40,000.00 | $40,000.00 | $40,000.00 | $40,000.00 |
| Custom Feeding | $187,375.00 | $207,625.00 | $365,000.00 | $456,250.00 | $501,875.00 | $537,250.00 |
| Other Income | $60,000.00 | $60,000.00 | $42,000.00 | $55,000.00 | $67,000.00 | $77,000.00 |
| **Total Est.** | **$1,785,745.10** | **$1,904,666.00** | **$1,809,000.00** | **$1,711,250.00** | **$1,698,875.00** | **$1,844,250.00** |

**Estimated Expenses**

| Expense | 2026 (Aug.) | 2026 | 2027 | 2028 | 2029 | 2030 |
|---|---|---|---|---|---|---|
| Fuel | $17,524.00 | $55,000.00 | $55,000.00 | $55,000.00 | $55,000.00 | $55,000.00 |
| Seed | $99,646.63 | $99,646.63 | $105,000.00 | $105,000.00 | $105,000.00 | $105,000.00 |
| Fertilizer | $5,625.50 | $20,625.50 | $20,000.00 | $20,000.00 | $20,000.00 | $20,000.00 |
| Chemicals | $118,452.02 | $103,452.02 | $80,000.00 | $100,000.00 | $80,000.00 | $100,000.00 |
| Repairs | $18,139.91 | $50,000.00 | $75,000.00 | $75,000.00 | $75,000.00 | $75,000.00 |
| Crop Insurance | $58,851.90 | $58,851.90 | $60,000.00 | $60,000.00 | $60,000.00 | $60,000.00 |
| Real Estate Taxes | | $21,000.00 | $21,000.00 | $21,000.00 | $21,000.00 | $21,000.00 |
| Cash Rent | $232,262.15 | $235,342.00 | $240,000.00 | $240,000.00 | $240,000.00 | $240,000.00 |
| Drying Expenses | | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |
| Custom Hire/Labor | $20,078.00 | $35,000.00 | $35,000.00 | $35,000.00 | $35,000.00 | $35,000.00 |
| Utilities | $6,644.60 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |
| Farm Insurance | $16,719.95 | $30,000.00 | $52,000.00 | $52,000.00 | $52,000.00 | $52,000.00 |
| Misc.* | $9,542.32 | $16,000.00 | $16,000.00 | $16,000.00 | $16,000.00 | $16,000.00 |
| Financing Interest | $65,000.00 | $65,000.00 | $65,000.00 | $65,000.00 | $65,000.00 | $65,000.00 |
| Est. Add. 2026 Expenses | $150,000.00 | | | | | |
| **Total Est. Expenses** | **$818,486.98** | **$819,918.05** | **$854,000.00** | **$874,000.00** | **$854,000.00** | **$874,000.00** |
| | | | | | | |
| **Gross Income** | **$967,258.12** | **$1,084,747.95** | **$955,000.00** | **$837,250.00** | **$844,875.00** | **$970,250.00** |
| | | | | | | |
| **Living Expenses** | **$50,000.00** | **$50,000.00** | **$50,000.00** | **$50,000.00** | **$50,000.00** | **$50,000.00** |
| | | | | | | |
| Glenwood State Bank | $46,105.00 | $46,105.00 | $46,105.00 | $46,105.00 | $46,105.00 | $46,105.00 |
| Farmer Mac | $116,500.00 | $116,500.00 | $116,500.00 | $116,500.00 | $116,500.00 | $116,500.00 |
| CNH | $226,429.87 | $226,429.87 | $153,250.00 | $153,250.00 | $153,250.00 | $139,273.57 |
| SBA | $8,772.00 | $8,772.00 | $8,772.00 | $8,772.00 | $8,772.00 | $8,772.00 |
| Bank Midwest | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $12,000.00 | $0.00 |
| F & M | $440,000.00 | $440,000.00 | $440,000.00 | $440,000.00 | $440,000.00 | $440,000.00 |
| FSA | $8,200.00 | $8,200.00 | $8,200.00 | $8,200.00 | $8,200.00 | $8,200.00 |
| Total Sec. Loans | **$858,006.87** | **$866,206.87** | **$784,827.00** | **$784,827.00** | **$784,827.00** | **$758,850.57** |
| Trustee Payment | $50,000.00 | $50,000.00 | $100,000.00 | | $15,000.00 | $150,000.00 |
| | | | | | | |
| **Net Disposable** | **$9,251.25** | **$118,541.08** | **$20,173.00** | **$2,423.00** | **-$4,952.00** | **$11,399.43** |

# Anderson Crop Analysis

| Field | Acres | 2026 Crop | 2026 Appr Yield | August Rates | Futures Pricing |
|---|---|---|---|---|---|
| Croat/Bottom | 63.16 | Corn | 183 | $ 52,243.43 | $ 57,791.40 |
| Nobles/Randy/Vicki | 232.95 | Soybeans | 60 | $ 164,369.52 | $ 167,724.00 |
| Nobles Home Place | 128.33 | Corn | 177 | $ 102,669.13 | $ 113,572.05 |
| Donna's | 39.86 | Corn | 194 | $ 34,952.44 | $ 38,664.20 |
| Home | 275.7 | Corn | 195 | $ 243,001.98 | $ 268,807.50 |
| Sykoras | 68.12 | Corn | 206 | $ 63,427.89 | $ 70,163.60 |
| Dale's | 158.24 | Corn | 187 | $ 133,750.78 | $ 147,954.40 |
| Jack's | 66.88 | Corn | 172 | $ 51,995.19 | $ 57,516.80 |
| 11 - Sharecrop | 226.73 | Corn | 231 | $ 118,366.66 | $ 130,936.58 |
| 12 - Sharecrop | 214.41 | Soybeans | 57 | $ 71,861.66 | $ 73,328.22 |
| Kraun's Farm - Sharecrop | 134.67 | Soybeans | 60 | $ 47,511.58 | $ 48,481.20 |
| Gaylord's Farm - Sharecrop | 152.04 | Corn | 216 | $ 74,219.85 | $ 82,101.60 |

| | | |
|---|---|---|
| Average Yield at Current Price Value | $1,158,370.10 | |
| Average Yield at Futures Pricing | | $ 1,257,041.55 |

Additional Notes

Current market price at Meadowland at of 8/21/26 (where Debtors deliver their grain) for new crop value are:
Corn: $4.52
Soybeans: $11.76

The guranteed insured rate for corn is $4.62 and $11.09 for soybeans per the Debtors' crop insurance policy and

Futures have 2026 corn at over $5.00 and soybeans over $12.00

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Chapter 12 Case |
| Tyson Joseph Andersoand and<br>Jennifer Mae Anderson,<br>Debtors. | Case No. 26-30904 |

---

**UNSWORN CERTIFICATE OF SERVICE**

---

The undersigned, Krystal M. Lynne, an employee of Stermer & Sellner, Chtd, 102 Parkway Drive, P.O. Box 514, Montevideo, MN 56265, declares under penalty of perjury that on 8/21/2026, I served the **NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 12 PLAN AND MODIFIED CHAPTER 12 PLAN DATED AUGUST 21, 2026** by electronic notice to the US Trustee; Kyle Carlson; Chapter 12 Trustee; CNH Industrial Capital America LLC via its attorneys Benjamin J. Court Terri A. Running, Glenwood State Bank via its attorney Scott T. Johnson; Farmers & Merchants State Bank of Springfield via its attorney Jennifer G. Lurken; and by first class U.S. Mail addressed to each entity named in the attached creditor matrix.

Executed on: 8/21/26

Signed: /s/ *Krystal M. Lynne*
Stermer & Sellner, Chartered
P.O. Box 514, Montevideo, MN 56265
Telephone: (320) 269-6491

| | | |
|---|---|---|
| AFLAC<br>Attn: Officer<br>PO Box 5626<br>Chicago IL 60680-5600 | Farmers & Merchants State Bank of Springfield<br>Attn: Officer<br>101 North Marshall Avenue<br>Springfield, MN 56087-2611 | Blue Cross/Blue Shield of MN<br>Attn: Officer<br>PO Box 860448<br>Minneapolis MN 55486-0448 |
| CAPITALONE<br>Attn: Officer<br>PO BOX 7683<br>SAN FRANCISCO CA 94120-7683 | Bank Midwest<br>Attn: Officer<br>640 1st Ave<br>Westbrook MN 5618 | COMENITY BANK/MAURICES<br>Attn: Officer<br>PO Box 182125<br>Columbus OH 43218-2125 |
| COMENITY CAPITAL BANK - ULTA<br>Attn: Officer<br>PO BOX 183043<br>Columbus OH 43218-3043 | CNH Industrial Capital America<br>Attn: Officer<br>5729 Washington Ave<br>Racine WI 53406-4017 | Chase Credit Card<br>Card Member Service<br>Attn: Officer<br>PO Box 6294<br>Carol Stream IL 60197-6294 |
| Cooperative Finance Assoc/CFA<br>Attn: Officer<br>PO Box 901532<br>Kansas City MO 64190-1532 | Channel Seed<br>Attn: Officer<br>PO Box 204092<br>Dallas TX 75320-4092 | EFTPS<br>Attn: Officer<br>PO Box 173788<br>Denver CO 80217-3788 |
| FARMERS & MERCHANTS BANK<br>Attn: Officer<br>101 N MARSHALL AVENUE<br>PO Box 126<br>SPRINGFIELD MN 56087-0126 | Cottonwood County Auditor<br>Attn: Officer<br>900 34d Ave<br>Windom MN 56101 | Farmer Mac<br>Federal Agricultural Mortgage Corp<br>Attn: Officer<br>9169 Northpark Drive<br>Johnston IA 50131-4807 |
| Farmer's Mutual Hail<br>Attn: Officer<br>6785 Westown Parkway<br>West Des Moines IA 50266-7727 | Farm Service Agency<br>Attn: Officer<br>1567 N McMillan Street, Suite 1<br>Worthington MN 56187-2801 | Glenwood State Bank<br>Attn: Officer<br>5 E Minnesota Ave<br>PO Box 197<br>Glenwood MN 56334-0197 |
| Grinnel Mutual Reinsurance Co<br>Attn: Officer<br>PO Box 790<br>Grinnell IA 50112-0790 | Glenwood State Bank<br>Attn: Officer<br>2221 S Broadway<br>Alexandria, MN 56308-3422 | DEERE CREDIT SERVICES INC<br>ATTN LITIGATION & RECOVERY DEPARTMENT<br>Attn: Officer<br>PO BOX 6600<br>JOHNSTON IA 50131-6600 |
| JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>Robertson, Anschutz, Schneid, Crane & Partners, PLLC<br>Attn: Officer<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487-2853 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>Attn: Officer<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | John Deere Financial, F.S.B.<br>c/o Weltman, Weinberg & Reis Co., L.P.A<br>Attn: Officer<br>5990 West Creek Rd, Suite 200<br>Independence, OH 44131-2191 |
| MN Dept of Revenue<br>Attn: Officer<br>Mail Station 7703<br>Saint Paul MN 55146-0001 | Jarmer Manure Tankering Service<br>Attn: Officer<br>32260 240th St<br>Walnut Grove, MN 56180-2040 | Minnesota Attorney General<br>Attn: Officer<br>445 Minnesota St., STE 1400<br>St. Paul MN 55101-2131 |

| | | |
|---|---|---|
| MN Dept. of Revenue<br>Attn: Officer<br>Mail Station 4413<br>Saint Paul MN 55146-0001 | Northstar Mutual Insurance<br>Attn: Officer<br>PO Box 48<br>Cottonwood, MN 56229-0048 | PHI Financial Services<br>Attn: Officer<br>PO Box 733260<br>Dallas, TX 75373-32600 |
| Puck Enterprise<br>Attn: Officer<br>110 100th Street<br>Manning, IA 51455-7512 | Rain and Hail, LLC<br>Attn: Officer<br>9200 Northpark Drive, Suite 300<br>Johnston, IA 50131-3006 | ReCreate Behavioral HealthOhio<br>Attn: Officer<br>7050 W. Palmetto Park Road<br>Suite 15 #181<br>Boca Raton FL 33433-3433 |
| Rain and Hail<br>Attn: Officer<br>Two Carlson Parkway Suite 255<br>Plymouth MN 55447-4442 | Sloan Servicing<br>Attn: Officer<br>PO Box 87090<br>Lincoln NE 68501-7090 | Small Business Administration<br>Attn: Officer<br>409 3rd Street SW<br>Washington DC 20416-0002 |
| SANFORD HEALTH<br>ATTN CHARLOTTE RUSCH<br>801 BROADWAY N ROUTE 1000<br>FARGO ND 58122-0001 | State Bank of Jeffers<br>Attn: Officer<br>PO box 128<br>Jeffers MN 56145-0128 | Titan Machinery<br>Attn: Officer<br>1201 Highway 59N<br>Marshall MN 56258-2710 |
| Small Business Administration<br>MN District Office<br>Attn: Officer<br>330 2nd Ave, South, Suite 430<br>Minneapolis MN 55401-2224 | US Attorney General<br>Attn: Officer<br>950 Pennsylvania Ave<br>Washington DC 20530-0001 | JOHN DEERE FINANCIAL<br>Attn: Officer<br>6400 NW 86TH STREET<br>PO BOX 6600<br>JOHNSTON IA 50131-6600 |
| US Attorney<br>Attn: Officer<br>United States Courthouse<br>300 S Fourth Street, STE 600<br>Minneapolis MN 55415-2200 | Windom Auto Value<br>Attn: Officer<br>PO Box 67<br>Windom MN 56101-0067 | SANFORD HEALTH<br>Attn: Officer<br>PO BOX 5070<br>SIOUX FALLS SD 57117-5070 |
| VanDyke Grinding Co<br>Attn: Officer<br>10510 Chaney Ave<br>Chandler MN 56122-3809 | Quantum3 Group LLC as agent for<br>Comenity Capital Bank<br>Attn: Officer<br>PO Box 788<br>Kirkland, WA 98083-0788 | Federal Agricultural Mortgage Corp<br>C/O Dustin J. Stiles<br>Attn: Officer<br>1700 Farnam St. Suite 1500<br>Omaha, NE 68102 |
| Titan Machinery<br>Attn: Officer<br>644 East Beaton drive<br>West Fargo, ND 58078 | PHI Financial Services<br>Altus Receivables Management<br>Attn: Officer<br>2121 Airline drive, Ste 520<br>Metairie, LA 70001 | Sloan Servicing obo<br>Ascendium Education<br>Solutions<br>PO Box 8961<br>Madison, WI 53708-8961 |
| U.S. Small Business Administration<br>Attn: Officer<br>14925 Kingsport Rd<br>Forth Wroth, TX 76155 | CNH Industrial Capital America, LLC<br>Attn: Officer<br>PO Box 63048<br>Newark, NJ 07101 | SANFORD HEALTH<br>801 BROADWAY N ROUTE 1000<br>PO Box 2010<br>FARGO ND 58122-1000 |